UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10347-NG |
| ) | |
| GEORGE BECK, JR. ) | |

<u>DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PROBATION</u>

Defendant, George Beck, Jr., moves this Court to modify the conditions of probation to allow him to complete the house arrest portion of the probation term three (3) days early. Specifically, defendant requests that the conditions be amended to require that defendant serve five months and 27 days in home detention rather than the previously imposed six months. As reasons therefore, defendant states the following:

1. Defendant, formerly the treasurer of a small labor union, was indicted in November 2004 on counts alleging embezzlement from the union. He initially appeared by way of summons and was released by Magistrate Judge Lawrence P. Cohen on personal recognizance.

2. Defendant pled guilty on June 27, 2005 and was sentenced on September 7, 2005. The government and defendant agreed that a guideline sentence of two years probation, with the first six months spent in home confinement monitored electronically, was appropriate. The Court imposed the sentence and included the standard conditions of probation as well as special conditions regarding, <u>inter alia</u>, mental health counseling and restitution.

3. Although the Court imposed the sentence on September 7, 2005, the Probation Department was unable to install the electronic monitoring apparatus at defendant's home until October 18, 2005, over one month later. Defendant has been in home confinement, with allowances

       for his regular work schedule and necessary medical appointments, ever since.

4. The Probation Department indicates that defendant, now in his seventh month of the two year term of probation, has been compliant with all of his conditions of probation, including financial obligations.

5. The home detention component of the probationary sentence has necessarily prevented defendant from spending significant important holidays and other occasions with his loved ones, including his wife, who live in New Hampshire. The holidays missed include Thanksgiving, Christmas Eve and Christmas, and New Year's Eve.

6. Defendant would like to spend Easter, which this year falls on April 16th, in New Hampshire where his wife and family have relocated. Because the Probation Department was unable to install the electronic monitoring apparatus until October 18, 2006, however, defendant is precluded from leaving his home because Easter falls the day before he is scheduled to end the home detention portion of his sentence.

8. Defendant is therefore requesting that the Court amend the home detention component of the probationary sentence by reducing it by three (3) days, so that defendant may be released from home detention on Friday, April 14, 2006, the last business day before Easter.

9. The requested incremental reduction in the home detention portion of defendant's probation does not minimize the values of just punishment or deterrence. The financial sacrifices flowing from the home detention portion of the probation have been substantial for defendant, who makes his living as a pest control technician: he is unable to take advantage of overtime and "on call" opportunities because he must notify the Probation Department 72 hours before any change in work schedule. This financial sacrifice alone has had a profound impact upon defendant, who has always struggled to support his family. Defendant has nevertheless scrupulously adhered to the sentence imposed by this Court.

10. The government, by and through Brian T. Kelly, does not oppose this request.  The Probation Department, however, by and through U.S. Probation Officer Nicole L. Monteiro, opposes this request.

For the forgoing reasons, defendant respectfully requests that the Court amend the conditions of probation solely to require that defendant serve just five months and 27 days of the two year term in home detention.

                              TIMOTHY WATKINS
                              By His Attorney:


                              /s/ Timothy Watkins
                              Timothy Watkins
                                B.B.O. #567992
                              Federal Defender Office
                              408 Atlantic Ave., Third Floor
                              Boston, MA  02110
                              Tel: 617-223-8061



CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and to Assistant U.S. Attorney Brian T. Kelly and U.S. Probation Officer Nicole Monteiro by Electronic Mail, on March 17, 2006.

                              /s/ Timothy G. Watkins
                              Timothy G. Watkins